## 8935

BLACKWELL v. HARRELSON.

(84 S. E. 233.)

RECOVERY OF REAL PROPERTY. DEEDS. REGISTRATION AS NOTICE.

1. DESCENT AND DISTRIBUTION — ESTOPPEL — AFTER-ACQUIRED TITLE —
DEEDS OPERATIVE AS ESTOPPEL.—A sale by an expectant heir of an
interest in land which he expects to inherit from a person then
living is not against public policy, and the fact that a grantor was
an expectant heir of the owner of land, an interest in which his
deed purported to convey, did not prevent the title subsequently
acquired by him by descent passing thereunder, under the rule of
estoppel.

2. PARTITION—PARTITION AGREEMENTS—ESTOPPEL.—Where C., one of the children of an owner of land, conveyed to E., another child, all. of his interest in the real estate of his mother, and after the mother's death all of the children executed a partition agreement allotting to each of the other children a parcel of land and allotting a parcel to C. and E. together, though E. was estopped by the partition agreement from claiming any interest in the parcels allotted to the other children, she was not estopped from claiming all of the tract allotted to her and C., and the partition agreement did not reinvest C. with the title which passed, when acquired, under his deed.

3. ESTOPPEL—AFTER-ACQUIRED TITLE—DEEDS OPERATIVE AS ESTOPPEL.—A deed by an expectant heir conveying with general warranty all of his interest in the real estate of his mother, though in effect a quit-claim deed, was sufficient to estop the grantor with respect to a title subsequently acquired by descent, as a quitclaim deed is sufficient to convey an absolute fee simple title.

4. EXECUTION—RIGHTS OF PURCHASERS—NOTICE.—Under Civil Code 1912, sec. 3542, providing that all deeds, etc., shall be valid so as to affect from the time of delivery or execution the rights of subsequent creditors, whether lien creditors or simple contract creditors, or purchasers for a valuable consideration without notice only when recorded within ten days from the time of such delivery or execution, where a creditor had no notice of a conveyance when he extended credit to the grantor, a purchaser of the land conveyed under an execution on a judgment obtained by the creditor acquired a good title notwithstanding actual notice to him, at the time of the sale, of the conveyance, as the rights of the purchaser under an execution are the same as those of the creditor upon whose suit the property is sold.

5. FRAUDULENT CONVEYANCES—RECORD—CONSTRUCTIVE NOTICE TO CREDITORS.—Under Civil Code 1912, sec 3542, where a grantor had no title to land when his deed was executed or recorded, but subsequently acquired title, the record of the deed was not constructive notice to creditors subsequently extending credit to him, and as against such creditors the deed was not effective.

Before SPAIN, J., Marion, January, 1914. Affirmed.

FOOTNOTE.—As to how far back is purchaser bound to search record title of his vendor, see note in 31 Am. & Eng. Ann Cases 1914a, p. 1288; as to effect of record of conveyance before grantor obtained title, see note in 23 L. R. A. 561. For a discussion of the record of an instrument out of the line of title as constructive notice, see note 18 Am. & Eng. Ann. Cas. 13. As to sale of expectancy by prospective heir, see note in 33 L. R. A. 276. As to what interests and rights of grantor will pass under a quitclaim deed, see note in 28 Am. & Eng. Ann. Cases 1913c, p. 363.

Action to recover an undivided interest in lands, and partition the same, brought by R. J. Blackwell against Ella J. Harrelson. From a decree for plaintiff, defendant appeals. The facts are stated in the decree, which is as follows:

This is an action for partition, and was heard by me upon an agreed statement of facts at the regular November, 1913, term of the Court of Common Pleas for Marion county. Plaintiff alleges by his complaint that he and the defendant are tenants in common, share and share alike, of the land described in the complaint, and prays to have his part of the land set apart to him in severalty. The answer of the defendant denies all the allegations of the complaint, alleging that plaintiff has no interest in the land in question, and prays that the complaint be dismissed. By consent all the issues involved were submitted to me for decision upon the agreed statement of fact, a trial by jury of the issue of title having been waived.

The essential facts of the case are as follows: During the year 1898 Susan Z. Harrelson, the mother of defendant, was the owner of the lands involved in this action, and during April of that year she made a will and a day or two later added a codicil thereto. Under this will and the codicil thereto she devised certain lands, of which the lands here involved were a part, to her children, Charles H. Harrelson, Ella Jane Harrelson, Altha Gertrude Harrelson (now Bryan), and Elmira Josephine Harrelson (now McLellan). Susan Z. Harrelson continued the owner of the land until her death, late in December, 1901, leaving the above mentioned will in force, and the will and codicil were admitted to probate in Marion county on February 4, 1902. On November 24, 1898, Charles H. Harrelson, by his deed, dated on that day and recorded in the office of the clerk of Court of Marion county on February 15, 1899, conveyed with general warranty to Ella J. Harrelson, her heirs and assigns, "all my right, title and interest in all the real estate of my mother and father, the same being situate in said

county and State, whereon my said mother now resides, on Back Swamp and the Old Stage Road." On December 12, 1905, Addie C. Platt, Gertrude A. Bryan, being the same person mentioned in the will of Susan Z. Harrelson as Altha Gertrude Harrelson, Ella J. Harrelson, Charles H. Harrelson, and Josephine E. Harrelson, being the same person mentioned in the will of Susan Z. Harrelson as Elmira Josephine Harrelson, entered into a certain written agreement relative to the land devised under the will of Susan Z. Harrelson. This agreement recited that the land had been surveyed and divided into parcels, and in this instrument, which allotted one of the divisions to each of the other children, it was provided that division B should be the portion of Charles H. Harrelson and Ella J. Harrelson together, this division B being the tract of land sought to be partitioned in this action. After making the various allotments the agreement then provided as follows: "And we agree that the division now made in the manner aforesaid shall be forever binding and conclusive upon us and our heirs and assigns forever. And each to the other doth hereby release and quitclaim all interest to the several portions of each according to said division and to the heirs, executors, administrators and assigns of each other forever." This agreement was duly recorded in the office of the clerk of Court of Marion county on February 17, 1906. During the year 1907 R. J. Blackwell & Company extended credit to Charles H. Harrelson on open account to the amount of $604.52, and on May 6, 1908, this account was reduced to judgment by R. J. Blackwell & Company, which judgment was duly entered in the office of the clerk of Court of Marion county. An execution was issued on this judgment, and the sheriff levied upon a half interest in tract B of the land above mentioned as the property of Charles H. Harrelson. After compliance with all the requirements of law the one-half interest in tract B was sold by the sheriff of Marion county on sales day in February, 1909, to R. J. Blackwell, the plaintiff, who

complied with his bid and received title from the sheriff. When this land was called for sale by the sheriff, F. D. Bryant announced for Ella J. Harrelson that the land belonged to her, and that Charles H. Harrelson, the execution debtor, had no interest. This announcement was heard by the attorney of R. J. Blackwell, who bid in the property for him. It is conceded, however, that when the credit, upon which the judgment and execution were based, was extended in 1907, and when the judgment was entered thereon in 1908, R. J. Blackwell & Company, the creditors, had no actual notice or knowledge of the deed of Charles H. Harrelson to Ella J. Harrelson, executed in 1898 and recorded in 1899. It is further conceded that when that deed was executed and recorded, Charles H. Harrelson had no title whatever to the land which he purported to deal with, but that it was then owned and continued to be owned by his mother, Susan Z. Harrelson, until her death in December, 1901, and that whatever title Charles H. Harrelson has had at any time, or whatever title Ella J. Harrelson acquired by her deed from Charles H. Harrelson, did not vest until the death of Susan Z. Harrelson. Under this state of facts R. J. Blackwell, the plaintiff, claims to be the owner of one-half of the land described in the complaint by virtue of his deed from the sheriff, and Ella J. Harrelson, the defendant, claims to be the owner of the entire tract by virtue of her deed from Charles H. Harrelson, executed in 1898 and recorded in 1899.

The defendant, Ella J. Harrelson, admits that Charles H. Harrelson had no title at the time he made his deed to her, and that she acquired no title at that time, but that when Susan Z. Harrelson died, Charles H. Harrelson acquired title under the will, which title immediately vested in her by way of estoppel. The general principle of law contained in this proposition is well established in this State. *Reeder* v. *Craig,* 14 S. C. L., 3 McC. 411; *Robertson* v. *Sharpton,* 17 S. C. 592; *Gaffney* v. *Peeler,* 21 S. C. 55.

However, on the other hand, it is urged that under the peculiar facts of this case Ella J. Harrelson cannot avail herself of the rule of estoppel for the reasons (1) that when the deed was made by Charles H. Harrelson to Ella J. Harrelson he was an expectant heir of Susan Z. Harrelson, and a deed made by him purporting to convey an interest in the land of a person of whom he was an expectant heir would be contrary to public policy and void; (2) that the partition agreement of December 12, 1905, reinvested Charles H. Harrelson with his interest in the land; (3) that the deed of Charles H. Harrelson to Ella J. Harrelson, only purporting to convey his right, title and interest, was in effect nothing more than a quitclaim deed, which would not estop him to claim an interest subsequently acquired, and (4) that the plaintiff was a purchaser at a sale under an execution founded upon a judgment for credit extended without notice of the deed of Charles H. Harrelson to Ella J. Harrelson, and consequently was a purchaser for valuable consideration without notice of the rights of Ella J. Harrelson. The decision of this case, therefore, depends upon the proper determination of these four objections to the application of the rule of estoppel.

It is, no doubt, true that authority may be found for the proposition that a sale by an expectant heir of an interest in land which he expects to inherit from a person then living is void as against public policy—*McCall* v. *Hampton*, 56 Am. St. Rep. 335, 96 Ky. 166, 32 S. W. 405—but no decision to that effect in this State has been called to my attention, and I think the weight of numerical authority as well as the better reasoning support the contrary view. See authorities discussed in note to *Trull* v. *Eastman*, 37 Am. Dec. 126 (Mass.), 4 Cyc. 15, and authorities cited. I am, therefore, of the opinion that the fact that Charles H. Harrelson at the date of his deed to Ella J Harrelson was an expectant heir of the person in whose land

he was purporting to convey an interest would not be sufficient to prevent the application of the rule of estoppel.

I also think the second objection urged against the application of the rule of estoppel without merit, namely, that the partition agreement of December 12, 1905, reinvested Charles H. Harrelson with title. Plaintiff has cited the cases of *Senterfeit* v. *Shealy,* 71 S. C. 259, 51 S. E. 142, and *Gibson* v. *Fuller,* 74 S. C. 535, 54 S. E. 778, as authority for the position that Ella J. Harrelson is estopped by the partition agreement to claim that Charles H. Harrelson did not thereby become reinvested with title. Those cases, however, are materially different from the case at bar. There was no necessity for Charles H. Harrelson to sign the partition agreement, as he was already estopped to claim any interest in the land in so far as the signers of the agreement were concerned, and the purposes of the parties only could have been to give additional force to the deed already made by Charles H. Harrelson to Ella J. Harrelson. It is quite true that the partition agreement will estop Ella J. Harrelson from claiming any interest in tracts A, C, and D, but it cannot estop her from claiming all of tract B.

I think it is true, as contended by plaintiff, that the deed of Charles H. Harrelson to Ella J. Harrelson is of no more effect than a quitclaim deed, but that is not sufficient to prevent the application of the rule of estoppel. Under the law of this State a quitclaim deed is sufficient to convey an absolute fee simple title, and, though the deed in question was in effect a quitclaim deed, yet it is sufficient to estop the grantor. *Martin* v. *Ragsdale,* 71 S. C. 67, 50 S. E. 671.

The position of plaintiff that he is a purchaser for value without notice is well taken. It is undisputed that R. J. Blackwell & Company had no actual notice of the deed of Charles H. Harrelson when they extended credit to Charles H. Harrelson in 1907. The recording act, vol. I, Code 1912, sec. 3542, extends its protection to

simple contract creditors as well as lien creditors, and the rights of R. J. Blackwell & Company as subsequent creditors for value without notice accrued when the credit was extended in 1907. The fact that actual notice was extended to R. J. Blackwell, the purchaser, at the time of the sale by the sheriff under the execution cannot suffice to charge him with actual notice of the rights of Ella J. Harrelson, because the rights of the purchaser under an execution are the same as those of the creditor upon whose suit the property is sold. The case of *Herring & Co.* v. *Cannon,* 21 S. C. 212, is precisely in point, and thus states the rule : "The purchase at the sheriff's sale for the benefit of suing creditors, admitted to be subsequent creditors without notice, gave to the purchaser that protection which is extended to the class to which the creditor in execution belonged, whether he, the purchaser, had actual notice or not." · Defendant cites the case of *Armour* v. *Ross,* 78 S. C. 294; 58 S. E. 941, 1135, as authority for the position that the recording act only extends its protection to lien creditors. An examination of that case, however, will show that it had under consideration the statute relating to bailments and conditional sales of personal property, and has no application to the question at issue in this case. I think it clear, therefore, that plaintiff is a purchaser for valuable consideration without actual notice, and the only constructive notice by which it is sought to charge him is the record of the deed of Charles H. Harrelson to Ella J. Harrelson. That deed was executed November 24, 1898, and recorded February 15, 1899. At both of these dates the land was the admitted property of Susan Z. Harrelson, and Charles H. Harrelson had no title whatever to the land. The title of Charles H. Harrelson was not acquired until December, 1901, nearly three years subsequent to the date of the record of his deed to Ella J. Harrelson, so, therefore, the question is simply whether the record of that deed was constructive notice. This question is quite explicitly and conclusively answered in the negative

by the case of *Richardson* v. *Lumber Corporation,* 93 S. C. 254, 75 S. E. 371, and that case is conclusive of this. R. J. Blackwell, the plaintiff, being a purchaser for valuable consideration without notice, either actual or constructive, of the deed of Charles H. Harrelson, the rule of estoppel cannot be asserted against him.

It is, therefore, ordered, adjudged and decreed that the plaintiff and defendants are tenants in common of the tract of land described in the complaint in equal proportions, to wit, one-half each, and that plaintiff is entitled to partition.

It is further ordered, adjudged and decreed that a writ of partition in the usual form do issue as provided by law.

The defendant appealed on the following exceptions:

I. Because his Honor erred in saying that Ella J. Harrelson admitted that C. H. Harrelson had no title at the time he made his deed to her. On the contrary, it is earnestly contended that as a known devisee under the will of Susan Z. Harrelson, and as a prospective heir at law, he had some right, interest or thing of value contingent, but capable of being sold, and that upon the death of testatrix his title became absolute, and under covenants of his deed passed to his grantee, Ella J. Harrelson.

II. Because his Honor erred in holding that the deed from C. H. Harrelson to Ella J. Harrelson was of no more effect than a quitclaim deed, whereas, he should have held that it is in form a deed of bargain and sale, as prescribed by statute, and carries with it all the effect and binding sanctions of a fee simple deed.

III. Because his Honor erred in holding that R. J. Blackwell & Company were subsequent creditors without notice within the purview of the statute, and that R. J. Blackwell, the purchaser at the execution sale, was entitled to any protection which R. J. Blackwell & Company might have claimed, and in further holding that R. J. Blackwell, the

purchaser at the execution sale, was not affected by the constructive notice arising from the record of the deed of C. H. Harrelson to Ella J. Harrelson, and was not affected by the actual notice of the rights of the defendant given at the time the sheriff's sale was had, whereas, he should have held:

(1) That the deed made by C. H. Harrelson to Ella J. Harrelson estopped C. H. Harrelson from setting up any claim to the land in controversy herein.

(2) That the estoppel operated not only against C. H. Harrelson, but his creditors, including R. J. Blackwell & Company, and all in privity with the said C. H. Harrelson, including R. J. Blackwell, the purchaser at the execution sale.

(3) That the purchaser at the sheriff's sale can acquire no higher title than the judgment debtor had, and hence, if at the time of the entry of the judgment and sale, C. H. Harrelson did not have title, and was estopped from setting up title to the premises, the estoppel of C. H. Harrelson operated against the purchaser, and his Honor should have held that the original record of the conveyance made by C. H. Harrelson to Ella J. Harrelson was a sufficient record of her title to protect her rights and give constructive notice to R. J. Blackwell & Company and the other creditors of the said C. H. Harrelson, but that at any rate, the actual notice of the defendant's rights given to R. J. Blackwell, purchaser at the execution sale, at the time of the sale, and before he purchased, took the place of constructive notice, and this of itself would have been sufficient to protect the defendant, whether her deed had been recorded or not.

IV. Because his Honor erred in holding that R. J. Blackwell & Company extended credit to C. H. Harrelson on the faith of his being the owner of the land in dispute, but even if such construction can be placed upon the agreed statement of facts, still his Honor erred in holding that under such circumstances C. H. Harrelson could not have

18—99

sold the land in question and passed a good title at any time before the judgment was entered, whereas, he should have held that a simple contract creditor acquires no such interest in the property of his debtor as would preclude his debtor in good faith from selling and disposing of his property at any time before the judgment was entered; and he should have further held that said R. J. Blackwell & Company were not innocent creditors without notice, for the reason that the deed from C. H. Harrelson to Ella J. Harrelson was on record before the said R. J. Blackwell & Company extended credit to C. H. Harrelson; and he should have further held that no misrepresentation made by the said C. H. Harrelson as to the ownership of the land could relieve R. J. Blackwell & Company from the effect of constructive notice arising from the record of the deed, or prejudice the rights of Ella J. Harrelson; and he should have further held that at the time that R. J. Blackwell & Company extended credit to C. H. Harrelson, the defendant's title to the property in dispute had been made perfect by operation of law, in that the deed for C. H. Harrelson's contingent interest, made in 1898, and duly recorded, attempting to convey the fee, had been made perfect by the death of Susan Z. Harrelson, and the probate of her will, wherein the property in question had been devised to C. H. Harrelson and others, and that the personal notice of the defendant's rights before R. J. Blackwell purchased at the execution sale fully protected her rights.

V. Because his Honor erred in holding that R. J. Blackwell was a purchaser for valuable consideration without notice, either actual or constructive, of the deed of C. H. Harrelson to Ella J. Harrelson, and that the rule of estoppel cannot be asserted against him, whereas, it is admitted, and his Honor so stated in his decree, not only that the deed of C. H. Harrelson to Ella J. Harrelson was duly recorded, but that actual notice also was given at the time of the execution sale before R. J. Blackwell purchased, and his

Honor erred, not only as to this undisputed question of fact, but as a matter of law, in holding that the said R. J. Blackwell was not estopped by the notice so given.

*Messrs. Robt. B. Scarborough* and *W. F. Stackhouse,* for appellant, submit: *The expectant estate of C. H. Harrelson was a subject of alienation:* 3 McC. 411; 4 DeS. 651; 17 S. C. 592; 21 S. C. 55; 2 Pom. Eq. Juris., sec. 953; 3 *Ib.,* sec. 1287. *His deed operated by way of estoppel:* 71 S. C. 67; 93 S. C. 258. *Its record gave notice to creditors and purchasers:* Civil Code, sec. 3542. *The rights of the grantee accrued prior to the extension of credit, or rights of plaintiff, distinguishing* 21 S. C. 212. *Purchaser's rights measured by those of the judgment debtor:* 28 S. C. 223; 2 Rich. Eq. 185; 93 S. C. 254, *distinguished.*

*Messrs. Henry Buck* and *A. F. Woods,* for respondent, submit: *Deed of expectant devisee not effective until death of testatrix:* 1 McC. 517; 36 S. C. 43; 73 S. C. 469; 5 Rich. 9. *Record prior to acquisition of title not notice to creditors:* 93 S. C. 254; 95 S. C. 347; 21 S. C. 212; 28 S. C. 223. *Deed conveyed only such interest as grantor had at date of its execution:* 4 McC. 96; 75 S. C. 437; 85 S. C. 438; 96 S. C. 145; *and no further interest:* 37 Am. Dec. 130; 73 N. W. 932; 5 Rich. 9; 36 Am. St. Rep. 558; *and the estoppel cannot apply to after-acquired interest:* 71 S. C. 67, *distinguished. Quitclaim deed:* 34 S. C. 559; 58 Am. Dec. 575; 38 N. E. 334; 126 S. W. 655; 75 Atl. 73.

September 24, 1914.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

For the reasons stated by his Honor, T. H. Spain, in his Circuit decree, it is the judgment of this Court that the judgment of the Circuit Court be affirmed.